```
                  UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA       )
                               )
     v.                        ) Cr. No. 94-10287-MLW
                               )
STEPHEN FLEMMI                 )
```

                        MEMORANDUM AND ORDER

WOLF, D.J.                                        November 28, 2005

The court has considered the Motion of Globe Newspaper Company (the "Globe") to Intervene and for Access to Protective Orders and Sealing Orders because it is appropriate to allow intervention for the limited purpose requested.  See In re Globe Newspaper Company, 729 F.2d 47, 50 n.2 (1st Cir. 1984); United States v. Sampson, 297 F. Supp. 2d 342 (D. Mass. 2003).

The June 26, 1997 and December 29, 1997 Protective Orders that the Globe states it wishes to review are public, indeed published, documents.  See United States v. Salemme, 978 F. Supp. 386, 389-90 (D. Mass. 1997); United States v. Salemme, 1997 WL 810057, at *4 (D. Mass. Dec. 29, 1997).  The two sealed November 14, 1997 Orders relate to confidential information of the Department of Justice that the court deemed to be discoverable in connection with the then forthcoming hearings on defendants' motion to dismiss and suppress pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.  Redacted versions of those Orders, and the public November 14, 1997 Order to which they refer, are attached hereto.

In the course of the intensive and lengthy hearings in this case the court issued numerous written and oral orders sealing documents, transcripts, and the information that they contain, applying when appropriate the standards described in United States v. Salemme, 985 F. Supp. 193 (D. Mass. 1997). Without further specification by the Globe or other interested parties, a review of the entire file and many transcripts in this case by the court to search for such orders is neither justified nor, as a practical matter, feasible.

The Globe in its motion asserts that "[t]he Protective Orders entered by this Court have been cited in other cases involving related issues, parties or evidence as grounds for denying public access to discovery materials in those cases." The other cases and particular Orders are not, however, identified. If parties in other cases claim to be relying on particular Protective Orders and Sealing Orders issued by this court, the court will, upon request, decide whether those orders should be unsealed, if they are impounded.

When documents or information produced by the parties under seal in this case have been requested in discovery in another case, it has been the practice of this court to authorize the judge presiding in the other case to order discovery of the same documents or information subject to any restrictions that judge deems appropriate. See, e.g., attached June 28, 2002 Order in this

case relating to <u>Donahue v. United States</u>, 01-CV-10433-RCL. This court has retained the sole authority to decide whether any sealed transcript in this case should be unsealed. <u>Id.</u> This court is likely to take a similar approach to any future requests.

Accordingly, it is hereby ORDERED that:

1. The Motion of Globe Newspaper Company to Intervene is ALLOWED.

2. The Globe's request for access to the November 14, 1997 Sealing Orders is ALLOWED and its request for other sealing orders is DENIED without prejudice.

_____<br>
UNITED STATES DISTRICT JUDGE